[Civ. No. 1903.   Second Appellate District.—March 28, 1917.]

## M. F. O'DEA, Appellant, v. R. G. ROBERTS, Respondent.

APPEAL—ALTERNATIVE METHOD—TRANSCRIPT—NONOBSERVANCE OF COURT RULE—DISMISSAL.—An appeal from a judgment taken under the alternative method must be dismissed, where the reporter's transcript complied only in form and size with rule 7 of the supreme court and the clerk's transcript consisted of what appeared to be some discarded office copies of the pleadings, findings, and judgment, inserted in the reporter's transcript, which contained neither indexing nor paging that was intelligible.

ID.—FORM AND PREPARATION OF TRANSCRIPT—PURPOSE OF RULE.—The purpose of rule 7 of the supreme court relating to the form and preparation of transcripts on appeal in civil cases prepared under section 953a of the Code of Civil Procedure is not only to secure records of uniform size for the filing cases in the clerk's office, but the presentation of transcripts in orderly and convenient form, properly paged and indexed, for examination by the court in determining the questions involved in the appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge.

The facts are stated in the opinion of the court.

Crouch & Crouch, for Appellant.

Ingall W. Bull, and Harold Larson, for Respondent.

THE COURT.—This appeal purports to have been taken under what is designated the alternative method of appeal and the record prepared and brought up pursuant to the provisions of section 953a of the Code of Civil Procedure. No attempt, however, is made to comply with rule 7 of the supreme court [160 Cal. xlvii, 119 Pac. xi] as to the form and preparation of the transcript. This rule requires that "Transcripts on appeal in civil cases, prepared under section 953a of the Code of Civil Procedure, . . . must be typewritten and the paper and the backs for binding the same must not exceed ten inches in length and eight inches in width. The leaves must be bound together on the left-hand side in volumes of convenient size. The papers required to be sent by the clerk . . . in civil cases under section 953a, . . . constituting the ordinary judgment-roll, are here designated as the 'Clerk's Transcript,' and the certified transcriptions of the phonographic reporter's notes required by . . . section 953a in civil cases are here designated as the 'Reporter's Transcript.' The respective papers in the Clerk's Transcript must be placed in chronological order, and if it is bound with the Reporter's Transcript, it must come first in order. The pages of the Clerk's Transcript and those of the Reporter's Transcript must be numbered separately by consecutive numbers. The lines of each page must be numbered separately and consecutively. An index of each transcript must be inserted at the beginning thereof, referring to each document and to the page beginning the examination, cross-examination, redirect, and recall of each witness." The reporter's transcript here presented, in form and size only, complies with the rule. The clerk's transcript consists of what appear to be some discarded office copies of the pleadings, findings, and judgment, inserted in the reporter's transcript, which contain neither index nor paging that is intelligible. It is unneces-

sary to direct attention to other matters wherein the transcript is not in accordance with the rule; suffice it to say that it appears to have been prepared without reference to the existence of any rule governing the subject. Obviously, the purpose of the rule is not only to secure records of uniform size for the filing cases in the clerk's office, but the presentation of transcripts in orderly and convenient form, properly paged and indexed, for examination by the court in determining the questions involved in the appeal.

Moreover, the appeal is from a judgment entered on April 13, 1915. The judgment brought up in the purported record which we are asked to review was not rendered nor filed until April 26, 1915. The clerk by his certificate dated April 23, 1915, certifies this judgment so rendered on April 26th, and being the only judgment embodied in the record, to be a true copy of the judgment entered in the above-entitled action. Not only is there no appeal from this judgment, but it is impossible to perceive how the clerk could, on April 23d, have certified to the correctness of a judgment which was not rendered nor filed until three days later. It thus appears that the judgment entered on April 13th from which the appeal is sought to be prosecuted is not contained in the record, and the judgment embodied in the record is not one the correctness of which is authenticated by the certificate of the clerk, or from which an appeal is prosecuted.

The appeal is dismissed.